IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB,<br><br>　　　　Petitioner<br><br>　　v.<br><br>DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY LIMITED,<br><br>　　　　Respondent　　　　　　　　／ | No. C-09-1326 MMC<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

　　　　By the instant action, petitioner Sony Ericsson Mobile Communications AB ("Sony") seeks an order confirming an arbitration award dated June 30, 2008. At present, two applications are pending before the Court.

　　　　First, on March 26, 2009, Sony filed an "Application for Right to Attach Order, Temporary Protective Order, and Order for Issuance of Writ of Attachment" ("Application for Writ of Attachment"). On March 31, 2009, respondent Delta Electronics (Thailand) Public Company Limited ("Delta") filed opposition thereto, to which Sony, in a "Supplemental Memorandum" filed April 1, 2009, replied, after which Delta, on April 2, 2009, filed a "Reply to Petitioner's Supplemental Response." Thereafter, on April 3, 2009, Sony filed an "Emergency Application for Temporary Restraining Order" ("Emergency Application). To date, Delta has not filed a response to the Emergency Application.

Having read and considered the above-described filings, the Court rules as follows.

Because the temporary restraining order issued by the Southern District of New York remains in effect until April 9, 2009, see Order, filed April 2, 2009, <u>Sony Ericsson Mobile Communications AB v. Delta Electronics Public Company Limited (Thailand)</u>, 09 Civ 995 BSJ (Document No. 27), Sony has not shown good cause exists for the issuance of a temporary restraining order herein without Delta's having been afforded the opportunity to respond. Accordingly, the Court sets the following briefing schedule:

1. No later than 4:00 p.m., April 6, 2009, Delta shall file any response to the Emergency Application.

2. No later than 4:00 p.m., April 7, 2009, Sony shall file any reply.

The parties are directed to address in their filings the issue of whether this Court should dismiss or stay the instant action under the first-to-file rule and/or under the doctrine of international comity, in light of petitioner's having earlier filed in, respectively, the Southern District of New York and the Intellectual Property and International Trade Court, Bangkok, Thailand, actions seeking confirmation of the same arbitration award at issue herein. In particular, Sony shall show cause why this Court should exercise jurisdiction over a matter petitioner has previously placed at issue in two other forums.

**IT IS SO ORDERED.**

Dated: April 3, 2009

MAXINE M. CHESNEY
United States District Judge