IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB,<br><br>    Petitioner<br><br>    v.<br><br>DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY LIMITED,<br><br>    Respondent                      / | No. C-09-1326 MMC<br><br>**ORDER VACATING WRIT OF ATTACHMENT ISSUED APRIL 17, 2009; DIRECTIONS TO PETITIONER** |

       By order filed April 15, 2009, the Court granted Sony Ericsson Mobile Communications AB's ("Sony Ericsson") application for a writ of attachment. Specifically, the Court found appropriate the issuance of a writ of attachment with respect to $3,562,737.81 in funds held by Citibank N.A. for the benefit of respondent Delta Electronics (Thailand) Public Company Limited ("Delta"), and directed Sony Ericsson to submit a proposed writ of attachment in conformity with the Court's findings. On April 16, 2009, Sony Ericsson submitted to the Clerk of the Court a proposed writ, which the Clerk issued on April 17, 2009. Thereafter, on April 17, 2009, Delta filed an "Opposition to Petitioner's Proposed Writ of Attachment and Request for Hearing," to which Sony Ericsson, on April 20, 2009, filed a response.

       Having read and considered the proposed writ submitted by Sony Ericsson, Delta's

opposition thereto, and Sony Ericsson's response to the opposition, the Court hereby rules as follows.

As Delta correctly observes, the Court did not approve issuance of a writ other than a writ directing attachment of funds held for the benefit of Delta by Citibank N.A.  See Cal. Code Civ. Proc. § 484.090(c) (providing court's order granting application for writ of attachment "shall describe the exempt property").[1]  In particular, the proposed writ of attachment Sony Ericsson submitted to the Clerk, although containing language directing an officer to attach two identified Citibank N.A. accounts owned by Delta, also included language directing the officer to attach other property of Delta, such as "amounts payable to Delta" in the possession of third parties located in California.  Consequently, the proposed writ of attachment is not the writ approved by the Court.[2]

Accordingly, the writ of attachment issued April 17, 2009 is hereby VACATED, and Sony Ericsson is hereby DIRECTED to submit to the Clerk, no later than April 24, 2009, a proposed writ of attachment in conformity with the Court's April 15, 2009 order and the instant order.

**IT IS SO ORDERED.**

Dated:  April 21, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] The proposed writ also incorrectly states that the Court considered the matter on an ex parte basis.  The Court issued its April 15, 2009 order, however, after notice of the application had been provided to Delta and after conducting a hearing on the papers submitted by the parties.

[2] In its response filed April 20, 2009, Sony Ericsson, for the first time, argues it is entitled to issuance of a writ attaching property other than that identified in its application.  Consequently, Delta has not had an opportunity to demonstrate the other property is exempt from attachment.  See Cal. Code Civ. Proc. § 484.090(b) (providing party opposing issuance of writ of attachment with opportunity to prove property sought to be attached is "exempt from attachment").  To the extent Sony Ericsson seeks an order attaching property other than that described in the Court's April 15, 2009 order, Sony Ericsson must file a separate application for a writ of attachment with respect thereto.