IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB,<br><br>           Petitioner<br><br>     v.<br><br>DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY LIMITED,<br><br>           Respondent                              / | No. C-09-1326 MMC<br><br>**ORDER DENYING RESPONDENT'S REQUEST FOR CLARIFICATION OF MAY 1, 2009 ORDER** |

      Before the Court is respondent Delta Electronics (Thailand) Public Company Limited's ("Delta") "Request for Clarification of Order," filed May 7, 2009.  Petitioner Sony Ericsson Mobile Communications AB ("Sony Ericsson") has filed a response thereto. Having read and considered the parties' respective submissions, the Court rules as follows.

      On May 1, 2009, the Court entered the following temporary restraining order: "Citibank N.A. and any third party upon whom Sony Ericsson has served Garnishment Interrogatories and upon whom this order is served, are hereby ENJOINED from responding to such Garnishment Interrogatories, until such time as the Court has ruled on the Motion for a Temporary Protective Order to be filed by Delta later today.  In the event Delta does not file a Motion for a Temporary Protective Order later today, this temporary restraining order shall be dissolved without further order of the Court."  (See Order, filed

May 1, 2009 at 1:28-2:5.)

Shortly thereafter, Delta filed its Motion for a Temporary Protective Order, by which Delta seeks, inter alia, an order directing Citibank N.A. not to respond to a "Memorandum of Garnishee" attached to an April 21, 2009 Writ of Attachment and served on Citibank N.A. In particular, Delta argues, Delta is entitled to such protective order because Delta was not served with said Memorandum of Garnishee and thus did not have the opportunity to review it. (See Mot. for Temporary Protective Order, filed May 1, 2009, at 7:4-7.)[1]

By the instant request, Delta seeks clarification as to whether the above-quoted restraining order enjoins Citibank N.A. from responding to said Memorandum of Garnishee pending resolution of its motion for a protective order; if the Court's May 1, 2009 order does not enjoin such response, Delta seeks an express order to that effect.

Where, as here, a court has issued a writ of attachment as to a third person, "the levying officer shall request the third person to give the levying officer a garnishee's memorandum." See Cal. Code Civ. Proc. § 488.610(a); see also Fed. R. Civ. P. 64 (providing "law of the state where the court is located" pertaining to writs of attachment is applicable in district court proceeding). In the instant action, according to Sony Ericsson, the U.S. Marshal, as levying officer, has served on Citibank N.A. a Memorandum of Garnishee and has requested it be completed and returned to the U.S. Marshal. Delta cites no authority providing that the plaintiff or levying officer must serve a copy of the Memorandum of Garnishee on the defendant before the third person is required to respond thereto, and the Court has located no such authority. Moreover, Sony Ericsson, in response to the instant request, has provided a copy of the Memorandum of Garnishee the U.S. Marshal served on Citibank N.A., and said Memorandum is in the form approved by the Judicial Council of California.

Consequently, to the extent Delta's pending Motion for a Temporary Protective Order is based on an argument that the Memorandum of Garnishee attached to the Writ of

---

[1] The Motion for a Temporary Protective Order is currently pending before the Honorable Bernard Zimmerman.

Attachment dated April 21, 2009 was improperly served on Citibank N.A., Delta has failed to show it is likely to succeed on such motion. As a result, Delta has not shown it is entitled to an order either clarifying or modifying the temporary restraining order filed May 1, 2009. Cf. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008) (finding party seeking injunction "must establish," inter alia, it is "likely to succeed on the merits" of its claim).

Accordingly, Delta's request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2009

MAXINE M. CHESNEY
United States District Judge