IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ERICSSON MOBILE COMMUNICATIONS AB,<br><br>           Petitioner<br><br>    v.<br><br>DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY LIMITED,<br><br>           Respondent<br>_____/ | No. C-09-1326 MMC<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT** |

Before the Court is petitioner Sony Ericsson Mobile Communications AB's ("Sony Ericsson") "Application for Order for Issuance of Additional Writ of Attachment," filed June 12, 2009. Respondent Delta Electronics (Thailand) Public Company Limited ("Delta") has filed opposition, to which Sony Ericsson has replied. Having read and considered the papers filed in support of and in opposition to the application, the Court hereby rules as follows.

By the instant action, Sony Ericsson seeks to confirm, pursuant to 9 U.S.C. § 207, an arbitration award issued by a tribunal having its seat in Stockholm, Sweden, and issued pursuant to the United States Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). By the instant application, Sony Ericsson seeks issuance of a prejudgment attachment on certain of Delta's property, specifically, certain

accounts receivable by Delta from third parties.

"[A]ttachment and comparable provisional remedies for enforcement of a foreign arbitral award, if available in the enforcing state, are compatible with the Convention." See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1127 (9th Cir. 2002). Here, the proposed "enforcing state" is the United States. See id. at 1120 (holding United States is a "Convention state" with power to "enforce" awards issued under Convention). Under federal law, a petitioner may seek any remedy that, under the law of the state where the district court is located, provides for the seizure of property to secure satisfaction of a potential judgment. See Fed. R. Civ. P. 64(a).

Under California law, where "a right to attach order has been issued under Article 1 [Chapter 4, California Code of Civil Procedure], the plaintiff may apply for a writ of attachment . . . by filing an application which meets the requirements of Section 484.320." See Cal. Code Civ. Proc. § 484.510(a). Said application must "be accompanied by an affidavit showing that the property sought to be attached is not exempt from attachment." See Cal. Code Civ. Proc. § 484.510(b). The court "shall order a writ of attachment to be issued upon the filing of an undertaking" if the court finds that it previously issued a right to attach order under Article 1 and that the applicant has shown the property sought to be attached is not exempt from attachment. See Cal. Code Civ. Proc. § 484.520.

Here, Sony Ericsson's application is procedurally proper because it meets the requirements of § 484.320, in that Sony Ericsson attests that the Court has previously issued a right to attach order, Sony Ericsson identifies the amount to be secured, specifically, $3,562,737,81, Sony Ericsson describes the property it seeks to attach, specifically, certain accounts receivable by Delta, and Sony Ericsson includes a statement that it has no information and belief that its claim has been discharged in a bankruptcy proceeding or that prosecution of its claim has been stayed because of a bankruptcy proceeding. See Cal. Code Civ. Proc. § 484.320 (setting forth information petitioner must include in application for additional writ of application). Accordingly, the Court next considers whether, pursuant to § 484.520, issuance of the requested additional writ is

appropriate.

In that regard, the Court first notes it has previously issued a right to attach order under § 484.090(a), which statute is included in Article 1. (See Order, filed April 15, 2009.) Additionally, Sony Ericsson, in conformity with § 484.510(b), has stated, on information and belief, that the property it seeks to have attached is "not exempt from attachment" (see Appl. ¶ 10), and there is no showing to the contrary. Further, as Sony Ericsson has demonstrated, accounts receivable are subject to attachment under California law. See Cal. Code Civ. Proc. § 488.470(a) (providing levying officer may attach "account receivable" by personally serving copy of writ of attachment and notice of attachment on "account debtor"). Accordingly, the Court finds the property sought to be attached is not exempt from attachment. Lastly, as is required by § 484.520, Sony Ericsson has filed an undertaking in the amount of $350,000 (see Document Nos. 6, 55), an amount the Court has previously found, at Delta's request, to be appropriate under the circumstances (see Order, filed April 15, 2009, at 10:16 - 11:9).

Delta argues the requested additional writ nonetheless should not issue because (1) Sony Ericsson should be required to file a noticed motion, (2) Sony Ericsson has not shown irreparable injury is likely in the event the application is not granted, and (3) Sony Ericsson has not shown the accounts receivable by Delta from third parties have a "connection" to the instant litigation. For the reasons stated by Sony Ericsson, however, the Court finds none of these contentions has merit. First, a noticed motion is not required under §§ 484.510 and 484.520. Second, Sony Ericsson is not required to show irreparable injury is likely or that the property it seeks to attach has any relation to the instant claim in order to obtain an additional writ of attachment. See Cal. Code Civ. Proc. § 484.520 (providing court "shall" grant additional writ of attachment upon finding right to attach order has previously issued and that property sought to be attached is not exempt from attachment).

Accordingly, Sony Ericsson's application is hereby GRANTED.

//

In its opposition, Delta correctly notes that the proposed writ submitted by Sony Ericsson does not identify the property sought to be attached.  The Court agrees, and hereby directs Sony Ericsson to submit a proposed writ of attachment in which Sony Ericsson identifies the property in conformity with § 484.020(e).  <u>See</u> Cal. Code Civ. Proc. § 484.020(e) (providing "[w]here the defendant is a corporation, a reference to 'all corporate property which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure Section 487.010'" constitutes sufficient description of property).

**IT IS SO ORDERED.**

Dated:  June 19, 2009

MAXINE M. CHESNEY
United States District Judge