United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SONY ERICSSON MOBILE
COMMUNICATIONS AB,

          Petitioner

  v.

DELTA ELECTRONICS (THAILAND)
PUBLIC COMPANY LIMITED,

        Respondent

_____/

No. C-09-1326 MMC

**ORDER GRANTING PETITIONER'S
PETITION TO CONFIRM ARBITRATION
AWARD; DENYING CROSS-MOTION TO
DISMISS**

     Before the Court is petitioner Sony Ericsson Mobile Communications AB's ("Sony Ericsson") Petition to Confirm Arbitration Award, filed March 26, 2009.  Also before the Court is respondent Delta Electronics (Thailand) Public Company Limited's ("Delta") Cross-Motion to Dismiss, filed May 8, 2009.  Both motions have been fully briefed.  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

## BACKGROUND

     Sony Ericsson and Delta are parties to an agreement titled "Price Agreement."  (See

---

[1]By order filed June 24, 2009, the Court took the matters under submission.

1  Steen Affirmation Ex. 1.)[2]  After a dispute arose thereunder, Sony Ericsson, on February

2  15, 2006, filed a request for arbitration with the International Court of Arbitration of the

3  International Chamber of Commerce.  (See Petition ¶¶ 9-10.)  Delta participated in the

4  arbitration proceeding, and argued, inter alia, that the "arbitration should never have been

5  instituted by Sony Ericsson because there is no arbitration agreement made between Sony

6  Ericsson and Delta upon which the arbitrators [could] rely when trying claims brought by

7  Sony Ericsson"; Delta requested the tribunal conducting the arbitration "dismiss Sony

8  Ericsson's claims as being without jurisdiction."  (See Krootdaecha Affirmation Ex. 3, first

9  unnumbered page.)[3]  Alternatively, Delta argued it had "refute[d]" Sony Ericsson's claims

10  on their merits.  (See, e.g., id. Ex. 1 ¶ 1.1, 2.5.)

11       On June 30, 2008, a tribunal having its seat in Stockholm, Sweden, and consisting

12  of three arbitrators, issued an Award.  (See Steen Affirmation Ex. 2.)  In its Award, the

13  tribunal found the parties had formed an arbitration agreement (see id. Ex. 2 ¶ 4.3.1) and

14  that some but not all of Sony Ericsson's claims against Delta fell within the scope of that

15  agreement (see id. Ex. 2 ¶¶ 4.3.2 - 4.3.3).  Further, as to those claims the tribunal found to

16  be properly before it, the tribunal ordered Delta to pay Sony Ericsson "damages in the sum

17  of EUR 1 858 508,00" and interest until "the date of full payment."  (See id. Ex. 2 ¶ 6.)

18                                   **DISCUSSION**

19       By the instant action, Sony Ericsson seeks to confirm the Award, pursuant to 9

20  U.S.C. § 207, the statute applicable to arbitration awards issued pursuant to the United

21  States Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the

22  Convention").  See 9 U.S.C. §§ 201, 207.

23  //

24  //

25

26       [2]The Steen Affirmation is Exhibit A to Sony Ericsson's Request for Judicial Notice,
    filed March 26, 2009.

27

28       [3]The Krootdaecha Affirmation is Exhibit A to Delta's Request for Judicial Notice, filed
    March 31, 2009.

**A. Motion to Dismiss**

Delta argues the instant petition should be dismissed, or, in the alternative, stayed in light of proceedings pending in Thailand, by which (a) Sony Ericsson seeks confirmation of the same Award at issue herein, and (b) Delta, in a separate proceeding, seeks to vacate the Award at issue herein.  Additionally, Delta argues the instant petition should be dismissed under the doctrine of forum non conveniens, in that Thailand, according to Delta, is a more convenient forum.  As set forth below, the Court is not persuaded by Delta's argument.

By order filed April 15, 2009, the Court declined to dismiss or stay the instant petition on the basis of the proceedings initiated by Sony Ericsson in Thailand.  As explained in that order, "[e]xceptional circumstances" must exist before a district court may dismiss or stay an action in light of parallel proceedings in another country, see Neuchatel Swiss General Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1195 (9th Cir. 1991), and Delta had failed to establish the presence of any exceptional circumstances.  Delta's showing in that regard has not changed.  Accordingly, for the reasons stated in the Court's April 15, 2009 order, the Court finds the instant petition should not be dismissed or stayed in light of the proceedings pending in Thailand.

As noted, Delta, in seeking dismissal or a stay, also relies on the doctrine of forum non conveniens; in particular, Delta contends, the relief Sony Ericsson seeks under the Convention should be sought in Thailand.  The Convention, however, allows for the bringing of "concurrent enforcement" actions, including "simultaneous enforcement actions" in different countries.  See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 367-68 (5th Cir. 2003) (holding "multiple judicial proceedings on the same legal issues are characteristic of the confirmation and enforcement of international arbitration awards under the Convention"; noting prevailing claimant, after securing enforcement order in Hong Kong, had initiated enforcement proceedings in two other countries).  Moreover, even if the Convention could be interpreted as allowing a court to limit the petitioner to the one forum deemed to be the most

3

1  convenient, Delta has not made a sufficient showing that resolution of the instant petition in

2  this forum "would be unnecessarily burdensome" for Delta.  See Lueck v. Sundstrand

3  Corp., 236 F.3d 1137, 1145 (9th Cir. 2001) (holding party seeking dismissal based on

4  forum non conveniens has burden to prove "trial in the chosen forum would be

5  unnecessarily burdensome for the defendant or the court").[4]

6       Finally, to the extent Delta argues, in its supplemental memorandum, that a risk of

7  conflicting decisions exists if this Court were to consider whether to confirm the Award, the

8  Court disagrees.  First, there is no showing that any court in Thailand is ready to issue a

9  ruling on the matters pending therein, and thus there is nothing to suggest this Court will

10 issue a ruling that may conflict with an earlier ruling issued by a court in Thailand.

11 Moreover, even if such foreign tribunal were to issue an order refusing to enforce the

12 Award, the potential for such conflict does not require deference to such foreign authority.

13 Under the Convention, as the Fifth Circuit has observed, "an American court and courts of

14 other countries have enforced awards, or permitted their enforcement, despite prior

15 annulment in [another court]."  See Karaha Bodas, 335 F.3d at 367; see also id. at 372

16 (noting "'relitigation' of issues is characteristic of the Convention's confirmation and

17 enforcement scheme").

18      Accordingly, having considered the various factors relevant to the issue, the Court

19 finds Delta has failed to show the instant petition should be dismissed, or, alternatively, that

20 the instant action should be stayed, in light of the proceedings pending in Thailand.

21 **B.  Petition to Confirm**

22      When a party seeks confirmation of an award under the Convention, the district

23 court "shall confirm the award unless it finds one of the grounds for refusal or deferral of

24 recognition or enforcement of the award specified in the said Convention."  See 9 U.S.C.

25

26          [4]The Court notes that Delta, in support of its opposition to the petition, has offered
27 declarations executed by certain of its employees who are citizens of Thailand.    Because
   there is no need for a trial or other evidentiary hearing, the Court need not determine
28 whether Delta's production of such citizens for a trial or hearing in the United States would
   pose an unnecessary burden on Delta.

4

1  § 207.  One defense to a petition to enforce an award under the Convention is that the

2  arbitral tribunal did not have jurisdiction because an agreement to arbitrate did not exist.

3  See Sarhank Group v. Oracle Corp., 404 F.3d 657, 662 (2nd Cir. 2005).  Here, Delta

4  argues the tribunal erred in finding Sony Ericsson and Delta had entered into an agreement

5  to arbitrate.  In that regard, Delta, the respondent, has the burden to establish the tribunal

6  lacked jurisdiction over the dispute.  See Ministry of Defense v. Gould, Inc., 969 F.2d 764,

7  770 (9th Cir. 1992).

8       By order filed April 15, 2009, the Court, in the context of Sony Ericsson's application

9  for a writ of attachment, found Sony Ericsson had established the probable validity of its

10  claim.  In so ruling, the Court found Delta had failed to make the requisite preliminary

11  showing with respect to any asserted lack of jurisdiction on the part of the Swedish tribunal.

12  Having considered Delta's argument anew, the Court, for the reasons stated in its April 15,

13  2009 order (see Order at 6:13 - 9:1), as well as for the reasons stated by Sony Ericsson in

14  support of the instant petition (see Reply, filed May 22, 2009, at 13:22 - 14:25), finds Delta

15  has failed to show an agreement to arbitrate did not exist.[5]

16       Accordingly, the Court finds Sony Ericsson is entitled to judgment confirming the

17  Award.

18  //

19  //

20  //

21

22  [5]In support of its opposition to the petition, Delta has offered the Affirmation of Jackie
Chang ("Chang"), which was not before the Court at the time the Court issued its April 15,
23  2009 order.  In his affirmation, Chang, who signed the Price Agreement on behalf of Delta,
states "Delta was not aware of the existence of a separate GPC document or the provisions
24  therein" (see Chang Affirmation ¶ 18); thus, Delta argues, it never had notice of the
arbitration agreement.  Chang, however, signed the Price Agreement which explicitly
25  incorporated by reference therein the terms of the GPC, and, if Delta was "not aware" of
the GPC, such outcome would appear to be the result of a failure to read the Price
26  Agreement and/or failure to request the GPC incorporated therein.  As set forth in the
Court's April 15, 2009 order, "Delta fails to cite any authority for the proposition that if a
27  party signs a contract that clearly provides for incorporation of the terms and conditions of
another document, the signing party's failure to request such document will in some way
28  serve to negate such incorporation, particularly where, as here, the signing party appears
to be highly sophisticated in the realm of international business."  (See Order at 8:13 - 9:1.)

5

1

**C. Amount of Award**

2    The tribunal awarded Sony Ericsson (1) "damages in the sum of EUR 1 858 508,00"

3  (see Steen Affirmation Ex. 2 ¶ 6.2), which, as calculated by Sony Ericsson, is the

4  equivalent of $2,416,060.40, (2) half of the arbitration costs and taxes due on the

5  arbitrators' fees, specifically, $180,253.25 (see id. ¶ 6.4), and (3) interest "corresponding to

6  the reference rate of the Swedish National Bank plus eight percent," until such time as

7  Delta pays the award (see id. ¶ 6.3), which, as calculated by Sony Ericsson, totals

8  $966,424.16 as of February 3, 2009.  Further, as calculated by Sony Ericsson, the amount

9  of interest owed beginning February 4, 2009 is $661.93 per day.[6]  For the 143-day period

10 February 4, 2009 to and including June 26, 2009, interest at the rate of $661.93 per day

11 totals $94,655.99; thus, the total amount of interest due is, as of the date of this order,

12 $1,061,080.15.

13   Accordingly, Sony Ericsson is entitled to judgment in its favor in the total amount of

14 $3,657,393.80.

15                                **CONCLUSION**

16   For the reasons stated above, the petition is hereby GRANTED, and Sony Ericsson

17 shall have judgment against Delta in the amount of $3,657,393.80.

18   **IT IS SO ORDERED.**

19

20 Dated:  June 26, 2009

21                                          MAXINE M. CHESNEY
                                            United States District Judge

22

23

24

25

26

27

---

28      [6]Delta has not contested any of the above calculations made by Sony Ericsson.